

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROMISEONE BANK,<br><br>                    Plaintiff,<br><br>v.<br><br>NEHAL, LLC.<br><br>                    Defendant. | Case No.:  25cv2948 W (DEB)<br><br>**ORDER GRANTING MOTION TO REMAND AND GRANTING IN PART REQUEST FOR SANCTIONS [DOC. 8]** |

Pending before the Court is Plaintiff PromiseOne Bank's ("PromiseOne") motion to remand this case to the Justice Court, Precinct 2, Place 1, Bexar County, Texas, and for an award of sanctions. Defendant Nehal, LLC ("Nehal") has not responded to the motion.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** PromiseOne's motion to remand [Doc. 8] and **GRANTS IN PART** PromiseOne's request for an award of sanctions and **AWARDS** $4,049, jointly and severally against Attorney Marc Steven Applbaum and Nehal, LLC.

1

25cv2948 W (DEB)

## I.   BACKGROUND

PromiseOne filed this forcible detainer action on August 21, 2025, in the Justice Court in Bexar County, Texas, and Nehal removed the action on or about October 31, 2025. PromiseOne filed the pending motion to remand on November 20, 2025.

This forcible detainer lawsuit arises out of a loan PromiseOne made to Nehal for the purchase of real property located in San Antonio, Texas (the "Property").[1] On December 5, 2017, Nehal executed a Business Loan Agreement and U.S. Small Business Administration Note with PromiseOne in the amount of $2,079,000.00, secured by a Deed of Trust, encumbering the Property. (*P&A* [Doc 8] ¶ 2; *Petition* ¶ 3.)  After Nehal failed to meet the loan obligations, PromiseOne conducted a foreclosure sale of the Property and became the owner. (*P&A* ¶ 3; *Petition* ¶¶ 4,5.) Despite being served with a written Notice to Vacate, Nehal did not vacate the Property, leading PromiseOne to file the Petition. (*P&A* ¶ 4; *Petition* ¶¶ 6–9.)

Shortly before the first hearing in PromiseOne's forcible detainer suit on September 10, 2025, Nehal filed for bankruptcy in the Southern District of California. (*P&A* ¶ 5; *Pl's Exhibits*, Ex. 3 (the "Bankr. Petition").) The Bankruptcy Petition lists San Antonio, Texas, 78228, as Nehal's principal place of business, with only a mailing address in California. (*Bankr. Petition* at p.1.)

On October 10, 2025, PromiseOne was granted relief from the automatic stay and given permission to proceed with the forcible detainer suit. (*P&A* ¶ 5; *Pl's Exhibits*, Ex. 5 (the "Bk. Order").) Nehal never filed bankruptcy schedules, and the bankruptcy case was then dismissed for failure to attend the initial 341(a) Meeting of Creditors. (*P&A* ¶ 8.)

After obtaining relief from the stay, PromiseOne reset the forcible detainer hearing for October 31, 2025. (*P&A* ¶ 9.) Nehal then removed the lawsuit to this Court on

---

[1] The Petition for Forcible Detainer (the "Petition") is attached to the Notice of Removal [Doc. 1] as Exhibit A and to Exhibit's to Plaintiff's Motion for Remand and Sanction and Brief in Support ("Pl's Exhibits" [Doc. 11]) as Exhibit 2.

25cv2948 W (DEB)

October 31, 2025, "minutes before the hearing was set to begin." (*Id.*) The removal notice contends removal is proper because this case involves a federal question. (*Notice of Removal* ¶ 8.) Nehal asserts that because PromiseOne has alleged violations relating to a federal loan program, this case involves a claim that requires the resolution of a substantial question of federal law. (*Id*. ¶ 10.) The removal notice however does not indicate why the case was removed to the Southern District of California and not the Western District of Texas.

On or around January 5, 2026, PromiseOne moved to remand this case to the Justice Court in Bexar County, Texas, pursuant to 28 U.S.C. § 1447(c), arguing this Court lacks jurisdiction. (*Motion* 2:9–12.) PromiseOne also requests an award of sanctions, representing its incurred and anticipated attorneys' fees and costs in this case and the bankruptcy case. PromiseOne requests that the sanction is awarded against Nehal and its counsel, jointly and severally, pursuant to 28 U.S.C.A. § 1447(c), Fed. R. Civ. P. 11, and 28 U.S.C. § 1927. (*Id.* 2:13–17.) Nehal has not filed an opposition to either the motion to remand or request for sanctions.

## II.    LEGAL STANDARD

### A.    Motion to Remand

A civil action that is filed in state court may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending if the federal district court has original jurisdiction based on either "diversity of citizenship" or a "federal question." *See* 28 U.S.C. § 1441(a). After removal, a motion to remand the case can be made within 30 days after filing the notice of removal on any basis other than lack of subject matter jurisdiction. *See*. § 1447(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*.

When jurisdiction is based on a "federal question," the question must be disclosed on the face of the complaint. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers,*

3

*Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998) (citation omitted). Under the longstanding well-pled complaint rule, jurisdiction is only proper "when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Federal jurisdiction cannot be predicated on "an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." *Id.*

The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether the removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal jurisdiction means that the defendant bears the burden of proving the propriety of removal. *Id.*

### B.  Motion for Sanctions

PromiseOne moves for the award of sanctions under Section 1447(c), Federal Rule of Civil Procedure 11, and Section 1927. (*Motion,* [Doc. 8] ¶¶ 16, 20.)  Under Section 1447(c), an order remanding the case may require the payment of just costs and any actual expenses incurred as a result of removal, including attorney's fees. *See* 28 U.S.C. § 1447(c). However, this award of fees is discretionary, and has been characterized by the Supreme Court as seeking to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Thus, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 141.

Rule 11 requires that an attorney certify that the pleading, written motion, or other paper he is presenting to the court is not "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Any noncompliant filing is grounds for sanctions, which can include an order directing payment to the movant of part or all of the attorney's reasonable fees

4

and other expenses directly resulting from the violation and warranted for effective deterrence. Fed. R. Civ. P. 11(c)(4). To impose sanctions on an attorney or party under Rule 11, the court must employ an objective standard of reasonableness in determining if a pleading is "both baseless and made without a reasonable and competent inquiry." *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025).

Finally, under Section 1927, "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927. Sanctions under Section 1927 are extraordinary and must be exercised with extreme caution. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996). Unlike Rule 11, an award of sanctions under § 1927 requires a finding of "subjective bad faith," as when the attorney "knowingly or recklessly raise[d] a frivolous argument[.]" *Id.*

## III.    DISCUSSION

### A.    Motion to Remand

PromiseOne argues removal was improper because there is no federal question jurisdiction and Nehal's anticipated defense based on the U.S. Small Business Administration loan cannot provide a basis for removal. (*P&A* ¶¶ 14, 15.) PromiseOne additionally notes that even had removal been proper, the case should not have been removed to this Court, but rather to the Western District of Texas. (*Id.* ¶ 11.) The Court agrees with both arguments.

As an initial matter, the Court grants PromiseOne's motion to remand based on Nehal's failure to file an opposition as required by Civil Local Rule 7.1. Civil Local Rule 7.1.f.3.c. expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." Here, Nehal did not file an opposition and has not requested additional time in which to do so. Moreover, there is no evidence

before the Court suggesting that PromiseOne's moving papers failed to reach Nehal's counsel or that Nehal was not aware of this pending motion. Relying on Local Rule 7.1.f.3.c., the Court deems the failure to oppose the motion to remand as consent to its merits.

Furthermore, regardless of Nehal's failure to oppose the motion, the Court finds the removal is inappropriate for two reasons. First, there is clearly no federal question jurisdiction. It is long established that federal question jurisdiction is not established by an anticipated defense which is invalidated by some federal law; a suit only arises under the laws of the United States when the plaintiff's "well pleaded" statement of his own cause of action shows that it is based upon those laws. *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (*citing Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). A complaint purporting to rest on state law can be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal such that federal law preempts state law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).

While Nehal vaguely asserts that violations of the U.S. Small Business Administration loan give rise to federal preemption of PromiseOne's state law claim, this Court finds that PromiseOne's Petition does not implicate a substantial question of federal law. Although forcible detainers are subject to federal jurisdiction and can be removed when federal subject matter jurisdiction exists, the Petition in this case clearly arises from Nehal's failure to vacate the property after defaulting on the loan. (*Petition* ¶¶ 6–11.) The Petition is grounded in Texas state law. It asserts a single cause of action for forcible detainer pursuant to Texas Property Code § 24.002. (*Id.* ¶ 10.) PromiseOne's right to relief for the forcible detainer claim does not depend on the resolution of a substantial question of federal law. *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). Rather, PromiseOne is entitled to judgment upon establishing the conditions in the Texas Property Code are met. (*Id.*) Accordingly, the Petition lacks any federal claims.

6

Second, removal to this Court is also inappropriate because the Southern District of California is not the district responsible for Bexar County, Texas. A short internet search reveals the correct court should have been in the Western District of Texas.[2] This district is wholly inappropriate for removal, especially to resolve issues of Texas property law. This Court is at a loss regarding how this matter ended up before it, having seen no cognizable ties to the state of California, let alone the Southern District of California.

Nehal has failed to oppose the motion, has failed to show federal subject matter jurisdiction exists, and has failed to justify removing the case to this district. For these reasons, the Court will grant PromiseOne's motion to remand.

### B.      Motion for Sanctions

PromiseOne seeks an award of $8,149 in fees and costs already incurred against Nehal and its counsel for the improperly filed bankruptcy petition and the improperly filed removal.[3] (*P&A* ¶ 22.) Sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). The sanctions standards are high, and the trend is against the award of sanctions for allegedly improper or frivolous filings. *See generally New Alaska Development Corp. v. Guetschow*, 869 F2d 1298 (1989). Despite the exacting standards, the Court finds sanctions are warranted for the removal. With regard to the bankruptcy proceeding, while PromiseOne has persuaded this Court that the bankruptcy proceeding was filed to delay resolution of the Petition, PromiseOne has not cited authority

---

[2] The United States District Court for the Western District of Texas consists of seven divisional offices, including the San Antonio office that serves Bexar County, where the forcible detainer suit was originally filed. *Frequently Asked Questions, General*, UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS, https://www.txwd.uscourts.gov/court-information/frequently-asked-questions/

[3] PromiseOne also requests fees that it anticipates in filing a reply and dealing with any appeal. (*Pl's Exhibits*, Ex. 6 at ¶¶ G.) However, Nehar did not file an opposition, and thus no reply was required. Additionally, any request for fees and costs related to the appeal is premature.

demonstrating that the Court has authority to award sanctions for attorneys' fees incurred in a separate case.

### 1.    PromiseOne is entitled to sanctions for the removal

As set forth above, section 1447(c) allows the court to order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin*, 546 U.S. at 141. Rule 11 is intended to deter baseless filings in district court and imposes a duty of "reasonable inquiry" so that anything filed with the court is "well grounded in fact, legally tenable, and not interposed for any improper purpose." *Council of So. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014). And section 1927 authorizes sanctions against an attorney who unreasonably and vexatiously multiplies the proceedings in any case upon a finding of subjective bad faith and recklessness. *In re Keegan*, 78 F.3d at 436.

In the Notice of Removal, Nehal fails to even half-heartedly argue its default of the loan constitutes a substantial question of federal law. Rather than illustrating the contours of the alleged federal question, the notice consists of a few haphazardly strung together jurisdictional buzzwords. Then, after PromiseOne filed the motion to remand, Nehal failed to respond to explain how its failure to comply with the loan's terms constitutes "a claim arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1441(c). The only thing Nehal has effectively demonstrated is that its removal of this case is frivolous and objectively unreasonable.

This point is made even clearer by Nehal's removal to the Southern District of California rather than the district court responsible for matters arising from Bexar County, Texas. A reasonable attorney also should have known that a California federal court is not the appropriate venue to settle matters of Texas property law. This Court is at a loss to discern any non-abusive justification for removing this case to this district

25cv2948 W (DEB)

instead of Texas district court. Nehal's only ties to this district are its abandoned bankruptcy proceeding and counsel's mailing address.

For these reasons, the Court finds PromiseOne is entitled to attorney's fees and just costs incurred as a result of this objectively unreasonable and frivolous removal under section 1447(c), Rule 11 and section 1927.

With regard to the bankruptcy case, PromiseOne's request for sanctions appears to be based on the argument that section 1927 authorizes the award of fees because that case was filed for the sole purpose of unreasonably and vexatiously driving up the costs of the forcible detainer lawsuit. Given the facts of this case, this Court is sympathetic to PromiseOne's position. However, PromiseOne has not cited—and this Court's own independent research has not revealed—any case awarding sanctions under section 1927 based on a party's filing an entirely different lawsuit. Instead, the closest factual situation involved an award of sanctions for filing a frivolous appeal within the same case. *See U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). In the absence of such authority, this Court is not convinced it has the authority to award fees and costs related to a case not pending before it.

### 2.    The amount of the sanction

The sole remaining issue is the amount of the sanction. PromiseOne requests $7,925 in fees and $224 in costs for a total sanction of $8,149. The problem with the attorney's fee component of the request is that it is not limited to work related to the removal or Nehal's filings with this Court. PromiseOne's counsel's billing statements (submitted as support for the sanction) include $4,100 in fees that were incurred before the case was removed on October 31, 2025. (*Pl's Exhibit*, Ex. 6A at pp.1–2.) Thus, those fees were not "incurred as a result of the removal" as required by section 1447(c) and

were not included in any document Nehal filed in this Court as required by Rule 11.[4] Accordingly, the Court will award PromiseOne $4,049 in attorneys' fees and costs, jointly and severally against Nehal and its counsel.

## IV.  CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff PromiseOne Bank's motion to remand [Doc. 8] and request for sanctions, and **ORDERS** as follows:

- This case is remanded to the Justice Court, Precinct 2, Place 1, Bexar County, Texas.
- Sanctions are awarded to PromiseOne Bank in the amount of $4,049.00 against Attorney Marc Steven Applbaum and Defendant Nehal, LLC, jointly and severally.
- Sanctions for the bankruptcy proceeding are denied without prejudice.

**IT IS SO ORDERED.**

Dated:  February 4, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

---

[4] The Advisory Committee Notes for the 1993 Amendment further clarify that any sanction under Rule 11 "should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement."

25cv2948 W (DEB)